UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harold Jon Jackson and Gwendolyn
Frances Jackson,

      Plaintiffs,

Case No. 16-13892

Honorable Nancy G. Edmunds

v.

Kathleen Ryan, et al.,

      Defendants.
                                      /

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE COMPLAINT**

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and affidavit and GRANTS his request to proceed *in forma pauperis*. (Docket 2.) For the reasons that follow, however, the Court dismisses Plaintiff's complaint as frivolous and failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff claims that he is unemployed, has no savings, alleges that he owns half of his mother's home, but that ownership is being contested, has no real estate or other assets of significant value, and is self-employed but that all of his product inventory has been "thrown out" and his entire

business "has stopped." (Dkt. 2.) Based on this affidavit, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (Section "1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants."). Specifically, the district court is obligated to dismiss a civil complaint if it is "frivolous . . .; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

As a preliminary matter, the Court is not convinced that it has subject matter jurisdiction over Plaintiff's complaint. "[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 891 (6th Cir. 1998). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Id.* (citing Fed.R.Civ.P. 12(h)(3)). This Court has subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different States[.]" 28 U.S.C. § 1332. Plaintiff's complaint does not plead a plausible cause of action arising under federal law. Nor does Plaintiff allege that the parties are citizens of different states. Where, as here, Plaintiff has failed to assert a plausible jurisdictional hook permitting this Court to exercise its power over Defendants, it must, and does, dismiss all claims against them.

2

Moreover, while the Court is mindful that a *pro se* litigant's complaint is held to "less stringent standards" than a complaint drafted by counsel, it must contain facts sufficient to show that a redressable legal wrong has been committed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

Here, Plaintiff contends that the manager of his mother's current living facility has been colluding with his mother's conservator to ban him from visiting his mother because "[t]hey are trying to obstruct justice by denying me access to my Mom so we can't prepare this RICO case against them." (Cmpl. Relief § A.) Among multiple defendants, he also names a probate judge as a defendant. (Dkt. 1.) He alleges violations of 18 U.S.C. sections 1512, 1513 (racketeering); the Thirteenth Amendment (involuntary servitude); 18 U.S.C. sections 241, 242 (conspiracy against rights); 18 U.S.C. sections 1510, 1512, 1513, and 1519 (tampering/retaliation against victim, witness or informant & destruction of evidence); honest services fraud; Fourteenth Amendment violation of Due Process; Declaration on the Rights of Indigenous Peoples; and Article 6, Clause 2 of the United States Constitution (supremacy clause). Plaintiff attempts to construct claims from a list of alleged constitutional and federal violations void of a factual basis on which the Court could find an arguable basis for relief.

Dismissal is appropriate when the allegations of a complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's complaint fits squarely within

*Apple's* mandate. For that reason, the Court must, and does, DISMISS the complaint. This order closes the case in its entirety.

    SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  December 5, 2016

I hereby certify that a copy of the foregoing document was served upon Plaintiff and counsel of record on December 5, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager